# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANTHONY BROWN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>B.J. JOHNSON,<br><br>　　　　Respondent. | Case No. 1:15-cv-01730-AWI-SKO  HC<br><br>FINDINGS AND RECOMMENDATIONS FOR DISMISSAL OF PETITION FOR HABEAS CORPUS FOR LACK OF JURISDICTION |

On November 16, 2015, Petitioner, a federal prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner seeks correction of an alleged clerical error in the transcripts of a 2008 criminal trial in this district (*United States v. Brown (*No. 1:08-cr-00347-DAD)), contending that the correction will enable him to seek commitment to a mental hospital outside of federal prison.  Because his claims are outside of the Court's habeas jurisdiction, the undersigned recommends that the Court dismiss the petition for lack of subject matter jurisdiction.

I.　**Screening Requirement**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules

1

Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## II.     **Failure to State a Federal Habeas Claim**

The scope of habeas corpus is prescribed by statute. Section 2241(c) provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Here, Petitioner fails to state a cognizable federal claim. He does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. He alleges only that a clerical error was made in the transcript of his 2008 criminal trial, which ended in a mistrial, and that correction of the error would enable him to secure placement in a mental hospital, not federal prison. These are not cognizable grounds for a petition for habeas corpus pursuant to 28 U.S.C. § 2241.

The proper procedure for correcting a transcript is by motion in the Court in which the underlying legal proceeding occurred. "The Court may correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of a record. The court may do so on motion or on its own, with or without notice." F.R.Civ.P. 60(a).

Petitioner has already moved the Court for correction of the transcript. *See United States v. Brown*, Doc. 146 (E.D.Cal. Feb. 22, 2016) (No. 1:08-cr-00347-DAD-1). The Court found no factual basis for the requested modification of the transcript and denied the motion. *See United States v. Brown*, Doc. 147 (E.D.Cal. Mar. 1, 2016) (No. 1:08-cr-00347-DAD-1). Petitioner's recourse lies in an appeal of the denial of the motion, not in a petition for writ of habeas corpus.

### III. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>    (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>    (B)  the final order in a proceeding under section 2255.
>
>    (2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>    (3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

3

Here, the Court finds that reasonable jurists would not find the Court's determination that it lacks jurisdiction to consider the petition for writ of habeas corpus to be debatable or wrong. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

### IV.     Conclusion and Recommendation

The undersigned recommends that the Court dismiss the Petition for writ of habeas corpus for lack of subject matter jurisdiction and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, Petitioner may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 17, 2016**                    /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE